**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Earl Wayne Hitt, Sheena Spoon, and Kelley Scott, Defendants,

Of whom Earl Wayne Hitt is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-002333

———————————

Appeal From Pickens County
Alvin D. Johnson, Family Court Judge

———————————

Unpublished Opinion No. 2016-UP-456
Submitted September 1, 2016 – Filed November 9, 2016

———————————

**AFFIRMED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

Ernest Joseph Jarrett, of Jenkinson Jarrett & Kellahan, PA, of Kingstree, for Respondent.

Steven Luther Alexander, of Alexander Law Firm, LLC, of Pickens, for the Guardian ad Litem.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); *Fiddie v. Fiddie*, 384 S.C. 120, 124, 681 S.E.2d 42, 44 (Ct. App. 2009) (recognizing this court is "not required to ignore the fact that the [family] court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony"); *Lewis*, 392 S.C. at 391, 709 S.E.2d at 655 (stating the burden is on the appellant to convince this court that the family court erred in its findings); S.C. Code Ann. § 19-1-180(A) (2014) ("An out-of-court statement made by a child who is under twelve years of age . . . at the time of a family court proceeding brought pursuant to Title 63 concerning an act of alleged abuse or neglect as defined by Section 63-7-20 is admissible in the family court proceeding if the requirements of this section are met regardless of whether the statement would be otherwise inadmissible."); S.C. Code Ann. § 19-1-180(B) (2014) ("An out-of-court statement may be admitted as provided in subsection (A) if . . . the child is found by the court to be unavailable to testify . . . [due to a] substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of videotaped deposition or closed-circuit television[, and] the child's out-of-court statement is shown to possess particularized guarantees of trustworthiness."); S.C. Code Ann. § 19-1-180(D) (2014) ("In determining whether a statement possesses particularized guarantees of trustworthiness . . . , the court may consider, but is not limited to, the following factors: (1) the child's personal knowledge of the event; (2) the age and maturity of the child; (3) certainty that the statement was made, including the credibility of the person testifying about the statement; (4) any apparent motive the child may have to falsify or distort the event, including bias, corruption, or coercion; (5) whether more than one person heard the statement; (6) whether the child was suffering pain or distress when making the statement; (7) the nature and duration of any alleged abuse; (8) whether the child's young age makes it unlikely that the child fabricated a statement that represents a graphic, detailed account beyond the child's knowledge and experience; (9) whether the statement has a ring of verity, has internal consistency or coherence, and uses terminology appropriate to the child's

age; (10) whether extrinsic evidence exists to show the defendant's opportunity to commit the act complained of in the child's statement.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.